UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

LESLY RICHARD,

Defendant.

OPINION & ORDER

17 Cr. 542 (ER)

RAMOS, D.J.:

Lesly Richard is currently serving a 60-month sentence at the United States Penitentiary located in Thomson, Illinois. To date, Richard has served approximately 53 months of his sentence. Before the Court is his *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Doc. 82. The Government opposes the motion. For the reasons set forth below, Richard's motion is DENIED.

I.  BACKGROUND

A. Prior Proceedings

From April 6, 2017 through July 2017, special agents of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), with the assistance of a confidential informant ("CI"), investigated Richard's involvement in a conspiracy to transport and sell illegal firearms in New York City. Doc. 42 ¶¶ 14–15. On April 20, 2017, the CI met with Richard in Manhattan to execute a purchase. *Id.* ¶ 15. Richard, joined by his co-conspirators, sold the CI three pistols and assorted ammunition for approximately $3,000. *Id.* ¶ 15. Additional meetings followed, and over the course of the conspiracy, Richard and his associates conspired to traffic seventy-four firearms, of which eighteen had been reported stolen. *See* Doc. 84 at 1; Doc. 42 ¶¶ 14–31. Richard was personally involved in selling twenty-two firearms. Doc. 84 at 2. During this period,

Richard was not a licensed firearm dealer, importer, or manufacturer, *id*. at 1–2, and had a prior felony conviction of identity theft in the first degree,[1] *id*. at n.1; Doc. 42 ¶¶ 29, 54.

Richard was arrested on August 2, 2017. Doc. 42 ¶ 32. On October 25, 2017, he pleaded guilty to possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g). *See* Doc. 34. The plea agreement stipulated a Guidelines range of 78 to 97 months' imprisonment. Doc. 42 ¶ 8. On January 31, 2018, he was sentenced to 60 months imprisonment. *See* Doc. 49. Richard has since served approximately 53 months of the sentence. Doc. 84 at 2.

### B. The Instant Application

On March 2, 2022, Richard submitted a letter motion for a reduction of his sentence under § 3582(c)(1)(A) pursuant to the First Step Act, arguing that extraordinary and compelling circumstances due to the COVID-19 pandemic warrant a reduction in his sentence. *See* Doc. 82. The Court thereafter directed the government to submit any response by April 1, 2022, and Richard to file any reply by April 29, 2022. Doc. 83. On April 1, 2022, the government submitted a letter in opposition to Richard's motion. *See* Doc. 84. To date, Richard has not filed a reply.

## II. LEGAL STANDARD

### 18 U.S.C. § 3582

Although a court may not normally "modify a term of imprisonment once it has been imposed," there are certain limited exceptions, including "compassionate release." *See United States v. Roberts*, No. 18 Cr. 528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) (internal quotation marks and citation omitted). Under 18 U.S.C. § 3582, a court may reduce a prisoner's sentence when it finds that there are "extraordinary and compelling reasons" that warrant such a reduction, but one of two conditions must first

---

[1] Richards was convicted in New York County Supreme Court on March 21, 2016 of violating of New York Penal Law Section 190.80, a felony punishable by a term of imprisonment of more than one year. Doc. 42 ¶¶ 29, 54; Doc. 84 at n.1.

2

occur:  Either the Federal Bureau of Prisons ("BOP") Director may move the court to release the prisoner; or, alternatively, the prisoner himself may move the court, but only after he has fully exhausted all administrative rights.  *See* 18 U.S.C. § 3582(c)(1)(A).

Prior to the First Step Act, sole authority rested with the BOP to determine what reasons, for purposes of compassionate release, are "extraordinary and compelling."  *See* U.S.S.G. § 1B1.13 ("BOP Policy Statement"), Application Note 1(D).  The BOP Policy Statement includes as an "extraordinary and compelling" reason the existence of "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt. 1(A)(ii)(I).  It also permits the Court to consider whether the incarcerated person "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  *Id.* at § 1B1.13(2).  Additionally, the Second Circuit in *United States v. Brooker* recently determined that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  *See* 976 F.3d 228, 237 (2d Cir. 2020).  "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'"  *Id.* at 237–38 (quoting 28 U.S.C. § 994(t)).

If the sentencing court finds that "extraordinary and compelling reasons" exist, it "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  These factors include:  "the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the

offense, to promote respect for the law, and to provide just punishment for the offense…; and the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a).

### III. DISCUSSION

#### A. Exhaustion

The government argues that Richard's motion must be denied because he has not exhausted his administrative remedies. The Court agrees.

Section 3582(c)(1)(A)(i) of Title 18 permits a defendant to move for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" The BOP has confirmed that Richard has not submitted a request for early release or for home confinement. Doc. 84 at 3. Richard's motion, moreover, does not indicate that he has exhausted administrative remedies.

For that reason, alone, the Court can deny Richard's request for compassionate release. But even if Richard *had* exhausted his administrated rights, the Court would still deny his motion for failure to show extraordinary and compelling circumstances and in light of the § 3553(a) factors.

#### B. Extraordinary and Compelling Circumstances and the Section 3553(a) Factors

In his motion, Richard argues that the COVID-19 pandemic has imposed unduly harsh conditions on his incarceration, such that they constitute extraordinary and compelling circumstances that warrant compassionate release. *See generally* Doc. 82. In support of that proposition, Richard highlights certain abnormally arduous aspects of his detention, including: restricted access to phone calls; a ban on visitors; reduced access to medical and dental care; and unexpected, long-lasting lockdowns that can result in

limited opportunities to shower. *Id.* at 2. Richard's motion also notes that he contracted COVID-19 in October 2020 and lost his cousin to the virus just months prior. *Id* at 3.[2]

The government contends that the conditions of Richard's detention are neither extraordinary nor compelling, namely because: (1) no inmates at Thomson are presently infected with COVID-19; (2) Richard already contracted COVID-19 and suffered no serious or long-term ill-effects; (3) he has not provided any information that suggests he is at any higher risk to suffer adverse consequences as a result of COVID-19; and (4) he has twice refused the COVID-19 vaccine, which has proven to be very effective in preventing or dramatically reducing the chances of developing severe symptoms should he contract the virus again. Doc. 84 at 5.

The Court agrees with the government. Although Richard correctly notes that in resolving compassionate release motions, courts have considered the harsh conditions caused by COVID-19, *see, e.g.*, *United States v. Beltran*, 2021 WL 1249217, at *6 (S.D.N.Y. April 5, 2021), he fails to point to any case in which this Court has found that such conditions, standing alone, justify compassionate release, *see generally* Doc. 82. Indeed, one of the cases relied on by Richard expressly states that in "prior cases, the [c]ourt's determination whether to grant a compassionate release motion has turned on an inmate's heightened vulnerability to the pandemic. . . . [T]he Court has denied such applications where the defendant has not shown heightened vulnerability[.]" *United States v. Romero*, 2021 WL 1518622, at *3 (S.D.N.Y. April 16, 2021). As noted, Richard does not have any underlying conditions that make him particularly vulnerable to the virus, and he has already been infected and recovered from the virus. What's more, courts have declined to find circumstances extraordinary and compelling where, as here, a defendant refuses the COVID-19 vaccine. *See, e.g.*, *United States v. Bullock*, 2021 WL

---

[2] Apart from the conditions of his detainment, Richard's motion also briefly mentions other factors, including that he has started a management and promotion company while incarcerated and that he continues to enjoy the support of his family. Doc. 82 at 4.

1550424, at *1 (S.D.N.Y. Apr. 2, 2021); *see also U.S. v. Graves*, 15 Cr. 509 (CS), Doc. 288 at 3 ("'In declining vaccination [Defendant] declined the opportunity to reduce his risk of exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction.'" (quoting *United States v. Lohmeir*, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021)).

The § 3553(a) factors also weigh against Richard's release. The government rightly notes that the offense of conviction is serious. Doc. 84 at 5. After having already been convicted of a prior felony, Richard willfully trafficked dangerous weapons throughout New York City, knowing full well the consequences of his actions. A sentence reduction now would undermine the purpose of sentencing: to reflect the seriousness of the offense and deter future crime. While the effects of the pandemic on prison life should not go understated, the Court must also consider the "interests in promotion of respect for the law and just punishment." *Beltran*, 2021 WL 1249217 at *6. Here, the Court deems a full 60-month term of imprisonment (a sentence notably lower than the 78 to 97 month range contemplated by Richard's plea agreement, Doc. 42 ¶ 8), proper to protect those interests.

## IV. CONCLUSION

For the reasons stated above, Richard's motion for compassionate release is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 82, and to mail a copy of this order to Richard.

It is SO ORDERED.

Dated: May 17, 2022
New York, New York

_____
Edgardo Ramos, U.S.D.J.